7 F.3d 1044
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Neal FARLEY and Julie Farley, Plaintiffs-Appellants,
v.
Palmur V. SRIDHARAN, M.D.; P.V. Sridharan, M.D., P.C.;
Hugh P. McElwee, M.D.; Consultants in
Gastro-Intestinal Diseases, P.C.,
Defendants-Appellees.
 No. 92-8073.
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1993.
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 SEYMOUR
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs appeal the district court's grant of summary judgment in favor of defendants and dismissal of the action on the basis that plaintiffs' medical malpractice claims were barred by statutes of limitations. We review the grant of summary judgment de novo and apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 4
 The district court's June 3, 1992, order sets forth the facts, and they need only be summarized here. Plaintiffs filed their complaint on August 29, 1991, alleging medical malpractice by defendants in their treatment of Neal Farley's liver. Defendant Sridharan performed emergency hepatic surgery on Neal Farley on June 25, 1986, in Wyoming and subsequently referred Farley to defendant McElwee (and his professional corporation Consultants in Gastrointestinal Diseases, P.C.) for further treatment in Colorado. All parties recognized that Farley would need additional surgery. That second surgery was performed by Dr. Greg Stiegmann and took place on May 20, 1987.
 
 
 5
 Plaintiffs allege that the delay between the two surgeries caused Farley's liver to deteriorate, eventually necessitating a liver transplant, and that defendants' negligence in arranging the second surgery caused the delay. They further allege that they did not and could not reasonably have known of defendants' malpractice until Dr. Stiegmann was deposed in a different lawsuit against plaintiffs' insurer on August 30, 1989, and was shown the biopsy report from the first surgery. They contend that was the first time any doctor had conclusively stated that defendants' delay in arranging the second surgery caused injury to Farley's liver. They also assert that the biopsy report from the first surgery "had apparently been misplaced by the hospital," Appellants' Reply Br. at 14, although they provide no evidence of the circumstances surrounding the report's late "discovery" nor indicate what efforts they had taken to locate the report earlier.
 
 
 6
 The district court determined, and the parties do not object on appeal, that Wyoming's statute of limitations applies to the claims against defendant Sridharan and that Colorado's statute applies to the claims against defendant McElwee. As applicable here, the two states' statutes of limitations are similar: both require that the action be brought within two years, or two and one-half years in Wyoming in certain circumstances, of the date the plaintiff, through exercise of reasonable diligence, knew or should have known of the act, error or omission (Wyoming) or injury and cause (Colorado) at issue. See Wyo.Stat. 1-3-107; Colo.Rev.Stat. 13-80-102(1)(c)[2] & 108(1). The district court considered the evidence submitted, including testimony by plaintiffs and various doctors as well as documents related to the other lawsuit in which plaintiffs alleged, in part, injury due to the delayed second surgery. The court concluded the evidence was overwhelming that plaintiffs knew or should have known by June 1988 that the damage to Farley's liver resulted from delay that may have been caused by defendants Sridharan and McElwee. Because plaintiffs did not file their complaint until August 1991, almost three years later, the court dismissed the action as barred by the statutes of limitation.
 
 
 7
 We agree with the district court that the evidence indicates plaintiffs knew or should have known they had a cause of action against defendants at least as early as June 1988. Moreover, plaintiffs provided no evidence indicating they exercised reasonable diligence in locating the biopsy report or deposing Dr. Stiegmann. Therefore, for substantially the reasons stated in the district court's order, we affirm the district court's grant of summary judgment on the basis that plaintiffs' claims are barred by the statutes of limitations.
 
 
 8
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 As it applies to health care actions, this section was revised and redesignated as 102.5 in 1988. The result in this case would be the same under either version of the statute